CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, NJ 07068
Tel. (973) 535-0500
*Attorneys for Defendant*
*Aetna Life Insurance Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. MARC COHEN a/s/o JOSE C., <br><br> Plaintiffs, <br><br> v. <br><br> AETNA, ET AL., <br><br> Defendants. | Civil Action No. 12-5458 (SDW/MCA) <br><br> **CERTIFICATION OF PATRICIA A. LEE IN SUPPORT OF THE STIPULATED DISCOVERY CONFIDENTIALITY ORDER** <br><br> *Filed Electronically* |

I, PATRICIA A. LEE, hereby certify and state:

1. I am an attorney at law at Connell Foley LLP admitted to practice before the Court, and am counsel of record for Defendant Aetna Life Insurance Company (improperly pled as "Aetna") (hereinafter "Aetna") in the above entitled action. I submit this certification to demonstrate that good cause exists for the entry of a Stipulated Discovery Confidentiality Order pursuant to L. Civ. R. 5.3(b)(2) and Fed.R.Civ.P. 26(c).

2. This case involves a healthcare provider's challenge to Aetna's benefits determination under a health plan insured by and/or administered by Aetna. Discovery in this action is expected to involve documents containing private health information protected by state and federal laws, trade secrets, confidential commercial or financial information, and other information that otherwise may be protected from disclosure. Because disclosure of

such material poses a substantial risk of causing harm to Aetna, Plaintiff, and non-plaintiff members of Aetna's health plans, the parties have agreed that a protocol is necessary to control disclosure of such information produced in discovery.

5. The enclosed Stipulated Discovery Confidentiality Order governs all confidential materials and information to be exchanged during discovery in this matter. This discovery is expected to include, but it is not limited to, protected health information about Aetna's members and Aetna's proprietary and commercially sensitive data systems, which information is maintained on a confidential basis.

6. I understand that Aetna would and non-parties may suffer serious injury if confidential information produced in discovery were to be disclosed to the public and to its competitors.

7. Good cause exists for entry of the Stipulated Discovery Confidentiality Order. *See* Fed. R. Civ. P. 26(c); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The Discovery Confidentiality Order will provide reasonable restrictions on the disclosure of confidential information. In addition, the Discovery Confidentiality Order sets out the procedure for filing confidential documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceedings.

8. Aetna submits the Stipulated Discovery Confidentiality Order with the belief that it promotes a free exchange of documents and information, greatly diminishes involvement of the Court in discovery proceedings, and moves the case along more rapidly and at less cost.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 7, 2012

_____
Patricia A. Lee